# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL ACTION NO. 2:12CV85-RLV

| | |
|---|---|
| MICHAEL BLAIN HAGEDORN, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM and ORDER** |
| CAROLYN W. COLVIN,[1] | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on cross motions for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. (Docs. 12, 14).

## I. PROCEDURAL AND BACKGROUND FACTS

Michael Blain Hagedorn filed for Title II disability and disability insurance benefits on July, 24, 2009. (Tr. 29, 138-139). Plaintiff also protectively filed a Title XVI application for supplemental security income on July 24, 2009. (Tr. 29, 145-152). Plaintiff's claims were denied and a hearing was held on January 21, 2011. (Tr. 54-84). At the hearing, Plaintiff moved to amend his onset date of disability to September 15, 2008. (Tr. 58). On March 4, 2011, the Administrative Law Judge issued a decision denying the Plaintiff benefits under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (Tr. 26-36). Plaintiff requested review of the ALJ's decision by the Appeals Council, but the request was denied on September 13, 2012. (Tr. 1-5). Plaintiff brought this claim on November 8, 2012 pursuant to 42 U.S.C. §405(g).

---

[1] Carolyn W. Colvin is the acting Commissioner of the U. S. Social Security Administration.

Michael Hagedorn was born on May 3, 1977, and has a high school equivalency degree. (Tr. 59, 138). Plaintiff has past relevant work as a repair helper. (Tr. 238). Plaintiff was involved in an automobile accident at seven months that crushed the back of his skull. (Tr. 285). At sixteen, Plaintiff pled to second degree murder after-the-fact and kidnapping and went to jail for the next eight years as a Committed Youthful Offender before being released in 2003. (Tr. 286).

Plaintiff claims he was unable to work because of bipolar disorder; manic depressive; personality disorder; hepatitis C; anti-social; paranoia; inability to get along with people; high-blood pressure; joint pain; and GERD. (Tr. 180, 219). The ALJ found that Plaintiff was severely impaired with the following conditions: bipolar disorder; personality disorder; depression; hepatitis C; and hypertension, but that none of these impairments equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. 404.1520(d), 404.1526, 416.920(d), 416.925, and 416.926. (Tr. 33).

At step five of the evaluation process, the ALJ determined that Plaintiff has "the residual functional capacity to perform light work as defined in 20 C.F.R 404.1567(b) and 416.967(b) except he requires a sit/stand option. Mentally, the claimant is capable of performing simple, routine, repetitive tasks in a low production work setting with no extensive interaction with co-workers and no public contact. The environment should also be low stress, which is defined as occasional change in job setting or decision-making." (Tr. 33). The vocational expert ("VE") concluded that Plaintiff could not perform the requirements of his past relevant work as a repair helper. (Tr. 82-83). The VE did conclude that Plaintiff could perform the job of bench assembly, which is light work with a specific vocational preparation (SVP) of two.[2] *Id*. The VE testified that there are 250,000 such jobs in the U.S. and 10,500 in North Carolina. *Id*.

---

[2] Defined as anything beyond short demonstration up to and including one month.

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in Social Security cases is authorized pursuant to 42 U.S.C. §405(g), and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). District courts do not review a final decision of the secretary *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. *Craig*, 76 F.3d 585 at 589. The administrative law judge, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. *Hays*, 907 F.2d at 1456.

## III. THE ALJ'S EVALUATION PROCESS

The ALJ must follow a five-step sequential evaluation process to determine if the claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. First, it must be determined if the claimant is involved in any substantial gainful activity. If he is, then the claimant is not disabled regardless of his physical or mental condition, age, education, or work experience. 20 C.F.R. §§ 404.1520,

416.920. Second, it must be determined whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. If not, then the claimant is not disabled. *Id*. Third, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, then the claimant is disabled regardless of age, education, or work experience. *Id*. Before moving to the fourth step, the ALJ must first determine the claimant's residual functional capacity ("RFC"). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *Id*. At step four, if the claimant can perform the requirements of his past relevant work, then he is not disabled. *Id*. At step five, the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education, and work experience. *Id*. The Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do. 20 C.F.R. 404.1512(g), 404.1560(c), 416.912(g), and 416.960(c). In this case, the ALJ concluded that the claimant was not disabled at step five, because he could perform the work of bench assembler.

## IV. DISCUSSION

The issues on appeal are (1) whether the ALJ failed to perform a function-by-function analysis, rendering his step five determination that Plaintiff could perform other work unsupported by substantial evidence; (2) whether the ALJ properly assessed the claimant's credibility; and (3) whether the ALJ failed to account for the claimant's moderate difficulties in concentration, persistence, and pace in his residual functional capacity leading to an incomplete hypothetical to the vocational expert. For the reasons discussed below, the Court concludes that the ALJ's

decision and VE hypothetical did not account for the claimant's moderate difficulties in concentration, persistence, and pace. Because remand is required on this basis, the Court need not consider the additional issues raised by Plaintiff at this time.[3]

> **A. The Administrative Law Judge failed to account for Plaintiff's moderate difficulties in concentration, persistence, and pace in the residual functional capacity and in the ALJ's question to the vocational expert.**

In a recent decision binding on this Court, the Fourth Circuit held that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the RFC or the hypothetical question to the vocational expert to simple, routine, or repetitive tasks. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). *See also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam); *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996). "As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter would account for a claimant's limitation in concentration, persistence, or pace." *Id*. at 638. In *Mascio*, the ALJ stated that he found Mascio's claims that she suffered

---

[3] Even though the Court does not reach these additional issues, the ALJ should be aware of them on remand. The ALJ's following language regarding claimant's credibility is particularly problematic:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible and would not preclude light work as described above. The undersigned is in no way implying that the claimant does not experience some limitations due to impairments. However, the limitations alleged by the claimant that find support within the objective medical record have been accommodated for by the above residual functional capacity.

(Tr. 34).

The Fourth Circuit has recognized that this boilerplate language "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). The Fourth Circuit did note that "the ALJ's error would be harmless if he properly analyzed credibility elsewhere." *Id*.

from a limitation in concentration, persistence, and pace on account of pain "less credible" and did not include the limitation in the RFC or the hypothetical question to the vocational expert. The ALJ did not explain whether he found it partially or completely incredible. *Id*. The Fourth Circuit held that remand was therefore appropriate because the hypothetical was potentially incomplete.

This case presents an even stronger case for remand on this particular issue than *Mascio*, because in this case the ALJ determined at step three that Hagedorn did in fact have a moderate limitation in concentration, persistence, or pace, and still did not include such a limitation in the RFC or hypothetical. Instead, the ALJ merely limited Hagedorn to simple, routine, or repetitive tasks, which is insufficient. The Commissioner argues that the ALJ's RFC finding is adequate because it is supported by the state agency psychologists, Dr. Noles and Dr. Albertson. The ALJ writes that mentally the RFC is consistent with the findings of the Disability Determination Services ("DDS") Assessments at Exhibits 13F and 19F. (Tr. 33 at 9). In 13F, Dr. Noles notes that Plaintiff is moderately limited in his "ability to maintain attention and concentration for extended periods" and is also moderately limited in his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 533-34). Dr. Albertson in Exhibit 19F concludes the same, and additionally concludes that Hagedorn is moderately limited in his "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." (Tr. 620). The only evidence of these limitations that can be seen in the ALJ's RFC is his limitation to simple, routine, repetitive tasks, which is insufficient under *Mascio*. This is true even though the ALJ agreed with the state psychologists that Hagedorn had moderate limitations in these areas. Just because the ALJ included Dr. Noles' and Dr. Albertson's assessment that Hagedorn could perform simple, routine,

and repetitive tasks does not mean that this determination accounts for all of Hagedorn's limitations, as the Fourth Circuit has made clear.

The Commissioner argues that, unlike in *Mascio*, the ALJ considered Plaintiff's mental limitations in the RFC by restricting him to "simple, routine, and repetitive tasks in a low-production work setting with no extensive interaction with co-workers and no public contact, and that the work environment should be low-stress, defined as occasional change in job setting or decision making." (Tr. 33). This does account for some of Mr. Hagedorn's mental limitations under SSR 96-8p, such as the claimant's ability to understand, carry out, and remember instructions; respond appropriately to supervision, co-workers, and work situations; and deal with changes in a routine work setting, but these mental limitations are different than limitations in concentration. SSR 96-8p, 1996 WL 374184 at *6. The ALJ's hypothetical to the VE should include all of the claimant's limitations. Simply accounting for some mental limitations does not satisfy review, especially where the ALJ explicitly noted a moderate difficulty and then failed to account for it. The Commissioner cites to *Miles v. Colvin*, No. 5:13-CV-878, 2015 WL 1179522, at *13 (E.D.N.C. Mar. 13, 2015) and *Knott v. Colvin*, No. 1:13-CV-322, 2014 WL 2453302, at *6 (M.D.N.C. June 2, 2014) as support for the argument that including additional mental limitations in the RFC is sufficient, but both of these cases pre-date *Mascio* and are unpersuasive to the extent that they contradict the Fourth Circuit.

Finally, the Commissioner argues that remand is inappropriate because *Mascio* does not create a *per se* rule requiring remand when the ALJ fails to account for moderate difficulties in concentration, persistence, and pace in the RFC. The Fourth Circuit noted that the ALJ's error may be cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, and pace did not translate into a limitation in the claimant's RFC, but that remand is

necessary absent such an explanation. *Mascio*, 780 F.3d at 638.[4] This Court finds that such an explanation is absent in the present case.[5]

The ALJ assigns little weight to Dr. Marcus' psychological evaluation at 23F. Specifically, he writes that he "finds no basis for any conclusion that the claimant is unable to concentrate entirely," reasoning that Plaintiff has not required psychiatric hospitalization and that his medications ameliorate his symptoms. (Tr. 33 at 10). This is not enough of an explanation for excluding the limitations from the RFC when the ALJ determined that such limitations exist, even if he determined that they are not as intense as Dr. Marcus suggests. The decision should make clear to this Court that the ALJ considered Plaintiff's mental limitations in concentration and provide substantial evidence underlying the decision to exclude such limitations from the RFC. It does not do so, and thus precludes this Court from meaningful review.

## V. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**; and the

---

[4] "[T]he ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." So as not to frustrate meaningful review, the ALJ is required to explicitly state that this is his determination and give reasons for why he reached this conclusion. The ALJ here fails to do so.

[5] While *Mascio* does not create a *per se* rule, Fourth Circuit courts have been inclined to remand even where other mental limitations are accounted for in the RFC. *See, e.g. Malpass v. Colvin,* No. 7:14-CV-164-BO, 2015 WL 3409193, at *2 (E.D.N.C. May 27, 2015) (remanding where the ALJ did not include an adequate explanation for leaving out claimant's moderate limitation); *Hemp v. Comm'r, Soc. Sec. Admin.*, No: SAG-14-2855, 2015 WL 4111483, at *3 (D. Md. July 7, 2015) (finding that a limitation to a stable environment did not account for concentration, persistence, and pace limitations and that remand was appropriate); *Bailey v. Colvin*, No. 5:14-CV-0248 DCN, 2015 WL 2449044, at *13 (D.S.C. May 21, 2015) (remanding where the ALJ did not provide an explanation).

Commissioner's denial of benefits is **VACATED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) for rehearing or any other administrative proceedings that may be appropriate.

Signed: July 20, 2015

Richard L. Voorhees
United States District Judge